UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-12 |
| | ) | (PHILLIPS/SHIRLEY) |
| PHILLIP R. HEDRICH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is now before the Court on the Defendant's Motion to Continue Pretrial Conference and Trial and to Extend the Motion and Plea Deadline [Doc. 17] filed on March 9, 2010. The parties stated their positions with regard to the motion when they appeared before the undersigned for a scheduled pretrial conference on March 11, 2010. Assistant United States Attorney Cynthia Davidson was present on behalf of the Government. Attorney Brad Henry appeared on behalf of the Defendant, who was also present.

The Defendant seeks a trial continuance in this case because he needs additional time to review information relating to his criminal history that he has not yet received from a Georgia state court. The Defendant represents that it may take several weeks to obtain this information. The Defendant also represents that the information is essential to his decision-making in ongoing plea negotiations with the Government. The Government does not oppose the Defendant's motion to

1

continue, and it agrees that the Defendant's need for complete information about his criminal history necessitates a continuance of the trial in this case.

At the March 11 pretrial conference, the Defendant orally amended his motion to reflect that he does not seek a new pretrial conference or an extension to the motion filing deadline, which expired on March 1, 2010. The Defendant clarified that he only seeks a continuance of the trial date and the plea negotiation deadline. The parties agreed on a new trial date of September 21, 2010, and a new plea negotiation deadline of September 7, 2010. The parties both stated that all time between the March 11, 2010, pretrial conference and the new trial date of September 21, 2010, should be fully excludable time under the Speedy Trial Act.

Defense counsel stated that the Defendant was aware of and understood his speedy trial rights. Defense counsel stated that he had discussed the need for a trial continuance with the Defendant, and that the Defendant wanted the trial to be continued. Defense counsel also stated that the Defendant understood that he would remain in custody pending the new trial date.

The Court finds that the Defendant's Motion to Continue [Doc. 17], as orally amended, is well-taken. The Defendant's ongoing effort to obtain records of his criminal history is good cause to continue the trial date and the plea negotiation deadline in this case. Accordingly, the Defendant's Motion to Continue **[Doc. 17]**, as orally amended, is **GRANTED**, and the trial of this matter before the Honorable Thomas W. Phillips, United States District Judge, is **CONTINUED** to **September 21, 2010**.

The Court also finds that the ends of justice served by continuing the trial outweigh the best interest of the Defendant and the public in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A). The Defendant is engaged in ongoing efforts to obtain information regarding his criminal history so that

he may participate in plea negotiations with the Government and adequately prepare for trial should those negotiations fail. The Court finds that the Defendant cannot obtain and adequately review all of the information he needs before the originally scheduled trial date of March 24, 2010, or in less than six months. Thus, without a trial continuance, defense counsel would not have the reasonable time necessary to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv). The Court therefore finds that all time between the March 11, 2010, pretrial conference and the new trial date of September 21, 2010, is fully excludable time under the Speedy Trial Act. See 18 U.S.C. § 3161(h)(7)(A)-(B).

With regard to other scheduling in this case, the Court **ORDERS** that the plea negotiation deadline is extended to **September 7, 2010**; all motions *in limine* must be filed by **September 6, 2010**; and any special requests for jury instructions must be submitted to the District Court by **September 10, 2010**. Special requests for jury instructions must be supported by citations of authority pursuant to Local Rule 7.4.

It is **ORDERED**:

(1) The Defendant's Motion to Continue **[Doc. 17]**, as orally amended at the pretrial conference held before the undersigned on March 11, 2010, is **GRANTED**;

(2) The trial of this matter is reset to commence on **September 21, 2010**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the pretrial conference held before the undersigned on **March 11, 2010**, and the new trial date of **September 21, 2010**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The plea negotiation deadline in this case is extended to **September 7, 2010**;

(5) All motions *in limine* must be filed no later than **September 6, 2010**; and

(6) Special requests for jury instructions must be accompanied by appropriate citations to authority and must be submitted to the District Court no later than **September 10, 2010**.

**IT IS SO ORDERED.**

                                                ENTER:

                                                s/ C. Clifford Shirley, Jr.
                                                United States Magistrate Judge